PER CURIAM
*208 Appealing a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010(4), and other misdemeanors, defendant assigns error to the trial court's imposition of a $490 "State Obligation." Although defendant did not object to that monetary obligation, he contends that he was excused from doing so because "[t]he amount simply appeared on the face of the judgment" and was not discussed at sentencing. He further contends that the court lacked statutory authority to impose a $490 State Obligation and that the obligation should be vacated. The state responds that the court did not err. According to the state, the $490 amount "is the statutory diversion filing fee that any defendant who enters into diversion is obligated to pay." The state points out that defendant "specifically agreed to pay that fee as part of his diversion agreement" and that the trial court previously "issued an order ordering that he pay that fee." In the state's view, the judgment merely incorporates that previously agreed-upon $490 amount, making the imposition of the $490 State Obligation proper. In reply, defendant does not dispute that he previously agreed to pay the $490 DUII diversion fee. He contends, however, that there is nothing on the face of the judgment showing that the $490 State Obligation is, in reality, the previously imposed DUII diversion fee. That lack of clarity, according to defendant, exposes him to the risk that the state will attempt to collect the $490 amount twice-once based on the order and again based on the judgment.
The record corroborates the state's representation that the $490 State Obligation represents the $490 DUII diversion fee that defendant previously agreed to pay and does not represent a new financial obligation imposed at the time of the judgment. We therefore accept the state's representation and conclude that the trial court did not err by memorializing the agreed-upon DUII diversion fee in the amended judgment.
Our decision in this matter, based on the state's representations, forecloses the state from attempting to collect the $490 at issue more than once. To the extent defendant *209 remains concerned on that point, he may *84 seek to have the circuit court correct the judgment.
Affirmed.